1523.    BEDFORD v. THE STATE.

The verdict was demanded by the evidence, and it would have been error to have granted a new trial.

Indictment for assault with intent to murder, from Floyd superior court—Judge Wright. October 14, 1908.

Submitted January 14,—Decided January 27, 1909.

*F. W. Copeland,* for plaintiff in error.

*John W. Bale, solicitor-general, W. H. Ennis,* contra.

RUSSELL, J. The defendant was indicted for assault with intent to murder, and found guilty of assault and battery. Accord-

ing to the evidence for the State, the defendant knocked a peddler in the head with a brickbat (which was testified to be a weapon likely to produce death), inflicting a wound from which he was unconscious for two or three days. According to the State's testimony, the blow was inflicted without the slightest provocation. The peddler priced his cabbage to the defendant at eight cents a pound, while the defendant insisted that they were worth four cents; and upon the peddler's not agreeing to that price he applied unutterably vile epithets to him, and finally, as the peddler went to get in his wagon, knocked him down with a brickbat. The only justification offered in behalf of the defendant (who admitted throwing the brickbat) was that the peddler, while in his house, had several times called him a "damn liar." From the fact that the jury only found the defendant guilty of assault and battery, and viewing the case most favorably to him, we assume that the jury took his testimony upon this subject as the true statement of what occurred. Even if this be true, in view of the time when the blow was struck, and of the nature of the wound inflicted, the jury would not have been authorized to find him guilty of less than assault and battery. Certainly the evidence would not have authorized an acquittal. The undisputed evidence authorized the jury to find that the defendant used far greater force in resentment of the insult offered him than he was authorized to employ. While one may be justified in resenting opprobrious words, the force used in resentment must not be so disproportionate as to be brutal. And in such degree as one insulted by such words exceeds the proper measure of resentment therefor, he himself becomes the aggressor. There being no evidence of any disparity of size and strength on the part of the defendant, the jury might have been authorized to find him justifiable in repelling the opprobrious words with a blow of his fist; but in using the brickbat upon the head of the prosecutor in such manner as to render him unconscious, the defendant could not be justified, and the jury was authorized to find the verdict of assault and battery merely on account of the absence of proof of a specific intent to kill. The motion for new trial rested only on the general grounds, and, it not being contended that there was any error committed by the court, the lower court correctly held that a new trial should not have been granted.          *Judgment affirmed.*